Brady, J.
This is an action for the recovery of damages occasioned by an assault and battery committed by the defendant in the county of Suffolk, in this state. The defendant *354 applied for a change of the place of trial, for the convenience of witnesses. His affidavit complies with the rules of the court to be observed on such applications.
The plaintiff responds by asserting that when the assault was committed, he and the defendant were the only persons present, and assumes, from that' circumstance, that the defendant’s witnesses cannot be material. He overlooks the defendant’s allegation that the latter was the person assaulted, and the witnesses he names are to prove his condition after the assault, and which indicated violent treatment at the hands of some person. These witnesses, although not present at the occurrence, may be material for the defense, and indeed must be so regarded in view of the defendant’s averment that he did not assault the plaintiff, but that the latter assaulted him. The pleadings contain nothing which effects .the-right of the defendant to have the change made which he asks. The order made should be reversed, therefore, and motion to change the place of trial granted, with ten dollars costs of this appeal and the disbursements.
Van Brunt, P. J., and Daniels, J., concur.
Note on “ Change of Venue fob Convenience of Witnesses.”
Where all the matters in controversy arose in one county, an order changing tjie place of trial to another county for convenience of witnesses, is improper. Klienhans v. Whiting, 58 Hun, 601.
As to the circumstances under which an order denying a motion to change the venue, will be affirmed, see Matter of P. F. Co., 59 Hun, 626.
• An order denying a motion to change the place of trial for the convenience of witnesses was affirmed in Green v. Weston, 56 Hun, 648.
The proper exercise of discretion by the special term on a motion to change the venue for the convenience of witnesses, will not be disturbed. Gilbert v. Shortsville C. Co., 61 Hun, 618; Reuben v. Andorsky, Id. 618.
An omission to state specifically the reasons why the witnesses will testify as detailed in the affidavit, is properly considered in determining the merits of the motion. Id.
As to when the decision of the special term on a motion to change the place of trial for the convenience of witnesses will not be disturbed, see Schmidt v. Rochester L. & P. Co., 56 Hun, 041.
*355 The interposition of a counterclaim, of whose good faith there is serious doubt, furnishes no reason for changing the venue for the convenience of witnesses. Hooker v. Sandford, 58 Hun, 611.
Where, on a motion to change the venue for the convenience of witnesses, the plaintiff stipulated to depend wholly on the fact that she was a bona fide holder, and all the witnesses on that question lived, in the country of venue, order denying the motion was proper'. Kurz v. Fish, 58 Hun, 602.
An affidavit in opposition to a motion to change the place of trial, which states that the testimony of a number of witnesses to prove the falsity of representations made is necessary, hut does not show what the representations are nor in what the falsity consists, is insufficient. Sawyer v. Clark, 60 Hun, 577:
Where the number of necessary aqd material witnesses is substantially equal, the place where the transaction occurred will generally control. Trope v. Sar. Ass’n, 58 Hun, 611.
It is undoubtedly true that the place of the contract should have an important bearing in the determination of the question of a change of venue, hut it should not necessarily control. Perry v. Boomhauer, 63 Hun, 629. Where it is plainly apparent that the convenience of witnesses will be promoted by a change of the place of trial, the fact that the contract was made in the county in which a trial was claimed by the plaintiff should not lead to a denial of a motion to change the venue. Id.
The place of trial of an action to declare three mortgages void is properly changed from a county, in which none of the property affected is situated and where none of the parties reside, to a county in which the property covered by two of the mortgages is situated and which will best subserve the convenience of witnesses. ’ Brower v. Huested, 44 N. Y. St. Rep. 746.
Where all the transactions out of which the cause of action arose were had and the witnesses who know the material facts live in a county other than that which is named as the place of trial, the venue should be changed to that county. Wright v. Burritt, 45 N. Y. St. Rep. 9. A denial of the motion therefore is not cured by requiring a stipulation that certain witnesses will testify as stated in the moving papers. Id.
See note in 1 Sil. (Sup. Ct.) 427.